1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT KELLY WALTERS,

11          Plaintiff,                    No. CIV S-02-1784 DFL JFM P

12          vs.

13   R. CASTRO, et al.,                   ORDER AND

14          Defendants.                   FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  In his amended complaint, plaintiff claims that doctors at High Desert State

18   Prison violated his rights under the Eighth Amendment by failing to provide adequate medical

19   treatment, delaying necessary medical care, and intentionally interfering with plaintiff's need for

20   treatment of a hemangioma located behind plaintiff's right eye.[1]  This matter is before the court

21   on the motion of defendant Seoung Rhee, M.D. for summary judgment.  Defendant Rhee

22   _____

23        [1]  Plaintiff also raised a state law negligence claim against several defendants, including
     defendant Dr. Rhee.  (Amended Complaint, filed March 31, 2003, at 14.)  On September 29,
24   2003, plaintiff filed a stipulation in which he conceded that his state law negligence claim was
     barred by his failure to comply with the claim presentment requirements of California's Tort
25   Claims Act, California Gov't Code §§ 945.4, 911.2, 905.2 and 950.2.  (See Notice of Motion
     and Motion of Plaintiff Stipulating Not to Oppose Affirmative Defenses Applicable to California
26   Tort Claims, filed September 29, 2003.)  Pursuant to that stipulation, plaintiff's state law
     negligence claim against the California defendants is no longer before the court.

1

1   contends this action is barred by the statute of limitations and, in the alternative, that he provided

2   plaintiff with constitutionally adequate medical care.

3                           SUMMARY JUDGMENT STANDARDS UNDER RULE 56

4                   Summary judgment is appropriate when it is demonstrated that there exists "no

5   genuine issue as to any material fact and that the moving party is entitled to a judgment as a

6   matter of law."  Fed. R. Civ. P. 56(c).

7                   Under summary judgment practice, the moving party

8                   always bears the initial responsibility of informing the district court
                    of the basis for its motion, and identifying those portions of "the
9                   pleadings, depositions, answers to interrogatories, and admissions
                    on file, together with the affidavits, if any," which it believes
10                  demonstrate the absence of a genuine issue of material fact.

11  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

12  nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

13  judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

14  to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

15  after adequate time for discovery and upon motion, against a party who fails to make a showing

16  sufficient to establish the existence of an element essential to that party's case, and on which that

17  party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

18  concerning an essential element of the nonmoving party's case necessarily renders all other facts

19  immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

20  whatever is before the district court demonstrates that the standard for entry of summary

21  judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

22                  If the moving party meets its initial responsibility, the burden then shifts to the

23  opposing party to establish that a genuine issue as to any material fact actually does exist.  See

24  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

25  establish the existence of this factual dispute, the opposing party may not rely upon the

26  allegations or denials of its pleadings but is required to tender evidence of specific facts in the

                                                        2

1   form of affidavits, and/or admissible discovery material, in support of its contention that the

2   dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

3   must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

4   of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

5   (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

6   1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

7   return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

8   1436 (9th Cir. 1987).

9          In the endeavor to establish the existence of a factual dispute, the opposing party

10  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

11  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

12  versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

13  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

14  genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

15  committee's note on 1963 amendments).

16         In resolving the summary judgment motion, the court examines the pleadings,

17  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

18  any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

19  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

20  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

21  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

22  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

23  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

24  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

25  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

26  /////

3

1   as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

2   'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

3               On April 29, 2003, the court advised plaintiff of the requirements for opposing a

4   motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  <u>See</u> <u>Rand v. Rowland</u>, 154

5   F.3d 952, 957 (9th Cir. 1998) (en banc), <u>cert. denied</u>, 527 U.S. 1035 (1999), and <u>Klingele v.</u>

6   <u>Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988).

7                                       ANALYSIS

8   I.  <u>Statute of Limitations</u>

9               As noted above, defendant Rhee first contends that this action is time-barred.

10   California law determines the applicable statute of limitations in this § 1983 action.  <u>See</u> <u>Wilson</u>

11   <u>v. Garcia</u>, 471 U.S. 261 (1985).  The applicable state limitations period is one year.  <u>See</u> Cal.

12   Code Civ. Proc. § 340(3); <u>see also</u> <u>Elliott v. City of Union City</u>, 25 F.3d 800, 802 (9th Cir.1994).

13   Prison inmates serving a "term less than for life" are entitled to tolling of the limitation period for

14   two years during incarceration.  <u>See</u> Cal. Civ. Code § 352.1.  Federal law governs when

15   plaintiff's § 1983 claims accrued and when the limitations period begins to run.  <u>Cabrera v. City</u>

16   <u>of Huntington Park</u>, 159 F.3d 374, 379 (9th Cir. 1998).  Under federal law, "the claim generally

17   accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the

18   action.'"  <u>Id</u>. (citations omitted).

19               By its terms, the tolling provision of § 352.1 does not apply to plaintiff, who is

20   serving a term of life in prison without possibility of parole following his 1988 conviction on

21   charges of first degree murder.  (Ex. C to Defendant Seoung Rhee, M.D.'s Request for Judicial

22   Notice, filed October 21, 2004.)[2]  Plaintiff claims that the legislative distinction between inmates

23   serving terms of less than life in prison and inmates serving life in prison without possibility of

24   parole violates his constitutional right to equal protection.  This contention is without merit.

25

26        [2]  Good cause appearing, defendant Rhee's request for judicial notice.  <u>See</u> Fed. R. Evid.
  201.

1    Plaintiff is not a member of a protected class. As a result, the statute must be

2 analyzed under a rational basis standard.  See, e.g., Vance v. Bradley, 440 U.S. 93, 96-97 (1979).

3 Under this standard, the statute must be upheld unless it bears no reasonable relationship to the

4 furtherance of a legitimate state interest and is irrational.  Id. at 97; see also United States v.

5 Alexander, 673 F.2d 287, 288 (9th Cir.), cert. denied, 459 U.S. 876 (1982).  The classification

6 need only be plausible, arguable or conceivable.  Jackson Water Works, Inc. v. Public Utilities

7 Comm'n, 793 F.2d 1090, 1094 (9th Cir.1986), cert. denied, 479 U.S. 1102 (1987). If the

8 legislature could rationally have concluded that the statute might promote its goals, the

9 classification is reasonable and constitutional.  See Minnesota v. Clover Leaf Creamery Co., 449

10 U.S. 456 (1981).

11    Statutes of limitation and tolling statutes "represent a public policy about the

12 privilege to litigate" and are subject to a relatively large degree of legislative control.  Chase Sec.

13 Corp. v. Donaldson, 325 U.S. 304, 314 (1945).  The California legislature could reasonably

14 decide that a tolling statute providing additional time for persons imprisoned for a period of

15 years, as opposed to those serving a life sentence, serves several state interests. If prisoners

16 serving a term of less than life in prison are granted additional time to initiate legal action they

17 may be able to pursue their claims without the stigma of being an inmate, and perhaps after being

18 able to marshal resources to bring their claims.  In addition, allowing an inmate to wait until after

19 release to initiate litigation spares the prison system the logistical problems of prisoners

20 conducting litigation from within.  It is rational to exclude persons serving sentences of life

21 without parole from the benefits of a tolling statute because these interests will not be served.

22 The tolling provision's classification bears a rational relationship to legitimate state interests and

23 is neither arbitrary or irrational.  Plaintiff's contention that it violates his constitutional right to

24 equal protection is without merit.[3]

25

26    [3]  Plaintiff also contends that § 352.1 violates the equal protection clause of the California
Constitution. "The equal protection analysis under the California Constitution is 'substantially

5

1    The following facts relevant to his claim against defendant Rhee and said

2  defendant's statute of limitations defense are undisputed.

3    In 1988, plaintiff was sentenced to a term of life in prison without possibility of

4  parole, following his conviction on charges of first degree murder.   Plaintiff first saw defendant

5  Rhee on March 17, 1999, complaining of "headaches and eye irritation." (Amended Complaint,

6  at 7.)  Defendant Rhee referred plaintiff that day to the emergency room at High Desert

7  Correctional Treatment Center.  (Id.)  Plaintiff saw defendant Rhee again on April 1, 1999, and

8  May 17, 1999.  (Declaration of Seoung Eun Rhee, M.D. in Support of Motion for Summary

9  Judgment, filed October 21, 2004, at ¶¶ 6-7.)  On May 10, 2000, the hemangioma was surgically

10  removed.  (Complaint, filed August 15, 2002, at 27.)

11    In 1999, plaintiff filed an inmate grievance claiming that he was receiving

12  inadequate medical care for his eye problem and the attendant symptoms.  (Ex. 1 to Complaint.)

13  On May 1, 2000, plaintiff's inmate grievance was denied at the Director's Level.  (Id.)  Plaintiff's

14  original complaint in this action was filed on or about July 31, 2002.[4]

15    As noted above, plaintiff had one year after his claim accrued to file this action.

16  The evidence before this court shows that the last time defendant Rhee saw plaintiff for

17  complaints related to his eye was in May 1999.  (Ex. A to Rhee Declaration.)  Later that year,

18  plaintiff filed an inmate grievance complaining that he was being denied adequate care for his

19  eye problems and suffering numerous symptoms as a result.  (See Ex. C to Rhee Request for

20  Judicial Notice.)  Plaintiff knew of both defendant Rhee's alleged acts or omissions and of his

21  alleged injuries at the time he filed that grievance, which was finally resolved on May 1, 2000.

22

23  similar' to analysis under the federal Equal Protection Clause" See L.A. County v. S. Cal. Tel.
Co., 32 Cal.2d 378, 196 P.2d 773, 781 (1948)." Rui One Corp. v. City of Berkeley, 371 F.3d

24  1137, 1154 (9th Cir. 2004).

25    [4]  The original complaint was filed in this court on August 15, 2002.  It is signed and
dated by plaintiff on July 31, 2002, which the court deems the filing date for purposes of the

26  statute of limitations analysis.  See Houston v. Lack, 487 U.S. 266 (1988).

1  This action was not filed until July 31, 2002, over two years later.  To the extent plaintiff claims

2  that defendant Rhee's acts or omissions caused or contributed to plaintiff's pre-operative

3  suffering, it is time-barred.

4            Plaintiff also claims that he did not learn until September 19, 2001 that he had

5  suffered permanent nerve damage as a result of the delay in treatment.  To the extent plaintiff

6  seeks a remedy for that alleged injury, his claim is timely.

7  II.  Adequacy of Defendant Rhee's Treatment

8            Defendant Rhee also seeks summary judgment on the ground that he provided

9  plaintiff with constitutionally adequate medical care.  Plaintiff's Eighth Amendment claim has

10  two elements, a serious medical need and "acts or omissions [by defendant] sufficiently harmful

11  to evidence deliberate indifference" to that need.  Estelle v. Gamble, 429 U.S. 97, 106 (1976);

12  see also McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991).

13            A medical need is "serious" "if the failure to treat the prisoner's condition could

14  result in further significant injury or the 'unnecessary and wanton infliction of pain.'"

15  McGuckin, at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104, 97 S.Ct. at 291).  A defendant's

16  response to the medical need violates the Eighth Amendment if it constitutes deliberate

17  indifference thereto.  Deliberate indifference may be shown "when prison officials deny, delay or

18  intentionally interfere with medical treatment, or it may be shown by the way in which prison

19  physicians provide medical care."  Hutchinson v. U.S., 838 F.2d 390, 394 (9th Cir. 1988).  "To

20  demonstrate that a prison official was deliberately indifferent to an inmate's serious . . . health

21  needs, the prisoner must show that 'the official [knew] of and disregard[ed] an excessive risk to

22  inmate health.' Farmer v. Brennan, 511 U.S. 825, 838, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)."

23  Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004).

24            In support of his motion for summary judgment, defendant Rhee has presented

25  undisputed that he saw plaintiff several times between March and May 1999 for complaints of

26  eye pain.  (Rhee Declaration, passim.)  On the first visit, defendant Rhee referred plaintiff to the

1    emergency room, where he was seen by another physician and then transported to see an

2    ophthalmologist.  (Id. at ¶ 5.)  On April 1, 1999, defendant Rhee saw plaintiff again, noted that

3    neither an MRI nor thyroid function tests had been performed, reordered those tests, and

4    examined plaintiff.  (Id. at ¶ 6.)  He also wrote in the notes that plaintiff should have a follow-up

5    appointment after the MRI was done.  (Id.)  When plaintiff saw defendant Rhee again on May 17,

6    1999, defendant Rhee noted that the MRI still had not been done, and he again reordered the

7    MRI.  He emphasized the importance of getting the tests done.  (Id. at ¶ 7.)  He also prescribed

8    Tylenol for plaintiff's complaints of pain.  The MRI was done on May 21, 1999.  (Id.)  There is

9    no evidence that defendant Rhee saw plaintiff after the May 17, 1999 visit.

10          Plaintiff contends that defendant Rhee failed to follow up on plaintiff's condition

11   after the MRI was completed, but it is clear from the allegations of the amended complaint that

12   plaintiff was seen by several other physicians after the study was completed.  (Amended

13   Complaint, at 22.)

14          After careful review of the record herein, this court finds no evidence that

15   defendant Rhee was deliberately indifferent to plaintiff's need for evaluation and treatment of his

16   eye condition.  Accordingly, defendant Rhee is entitle to summary judgment on plaintiff's Eighth

17   Amendment claim that acts or omissions by defendant Rhee contributed to plaintiff's alleged

18   permanent nerve damage.

19          In accordance with the above, IT IS HEREBY ORDERED that defendant Rhee's

20   October 21, 2004 request for judicial notice is granted; and

21          IT IS HEREBY RECOMMENDED that defendant Rhee's October 21, 2004

22   motion for summary judgment be granted.

23          These findings and recommendations are submitted to the United States District

24   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

25   days after being served with these findings and recommendations, any party may file written

26   objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

2  shall be served and filed within ten days after service of the objections.  The parties are advised

3  that failure to file objections within the specified time may waive the right to appeal the District

4  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5  DATED:  July 27, 2005.

6

7

   UNITED STATES MAGISTRATE JUDGE

8

9  12
   walt1784.rheemsj
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26