IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT KELLY WALTERS,

    Plaintiff,                   No. CIV S-02-1784 DFL JFM P

    vs.

R. CASTRO, et al.,                ORDER AND

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. In his amended complaint, plaintiff claims that doctors at High Desert State Prison violated his rights under the Eighth Amendment by failing to provide adequate medical treatment, delaying necessary medical care, and intentionally interfering with plaintiff's need for treatment of a hemangioma located behind plaintiff's right eye.[1] This matter is before the court on the motion of defendant Dale T. Mericle, M.D. for summary judgment. Defendant Mericle

---

[1] Plaintiff also raised a state law negligence claim against several defendants, including defendant Dr. Mericle. (Amended Complaint, filed March 31, 2003, at 14.) On September 29, 2003, plaintiff filed a stipulation in which he conceded that his state law negligence claim was barred by his failure to comply with the claim presentment requirements of California's Tort Claims Act, California Gov't Code §§ 945.4, 911.2, 905.2 and 950.2. (See Notice of Motion and Motion of Plaintiff Stipulating Not to Oppose Affirmative Defenses Applicable to California Tort Claims, filed September 29, 2003.) Pursuant to that stipulation, plaintiff's state law negligence claim against the California defendants is no longer before the court.

1

seeks summary judgment on the grounds that his treatment of plaintiff did not proximately cause plaintiff's injuries and that he was not deliberately indifferent to plaintiff's serious medical needs.[2]

### SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
>
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

/////

---

[2] On December 9, 2004, defendant Mericle filed a request for judicial notice of plaintiff's amended complaint and his stipulation not to oppose affirmative defenses, both of which are part of the record in this action. Defendant Mericle's request for judicial notice of these documents is unnecessary and will therefore be denied.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

1 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
2 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
3 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
4 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
5 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
6 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

7       On April 29, 2003, the court advised plaintiff of the requirements for opposing a
8 motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154
9 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v.
10 Eikenberry, 849 F.2d 409 (9th Cir. 1988).

11       ANALYSIS

12       Defendant Mericle seeks summary judgment on the grounds that he did not
13 proximately cause injury to plaintiff and that he was not deliberately indifferent to plaintiff's
14 serious medical needs.  In opposition to the motion, plaintiff contends that four separate events
15 demonstrate deliberate indifference by defendant Mericle:  (1) his alleged failure on May 10,
16 2000 to provide plaintiff with post-operative pain medication prescribed by plaintiff's surgeon;
17 (2) his alleged failure to maintain accurate medical records; (3) his alleged statement to plaintiff
18 that he did not know why plaintiff's surgery had been delayed, but "security first;" and (4) his
19 failure to examine plaintiff at any time between March 16, 1999 and January 14, 2000.
20 (Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant Dale
21 T. Mericle, M.D.'s Motion for Summary Judgment, filed March 7, 2005, at 1-2.)

22       Plaintiff's Eighth Amendment claim has two elements, a serious medical need and
23 "acts or omissions [by defendant] sufficiently harmful to evidence deliberate indifference" to that
24 need.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also McGuckin v. Smith, 974 F.2d 1050,
25 1059 (9th Cir. 1991).
26 /////

1  A medical need is "serious" "if the failure to treat the prisoner's condition could
2 result in further significant injury or the 'unnecessary and wanton infliction of pain.'"
3 McGuckin, at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104, 97 S.Ct. at 291). A defendant's
4 response to the medical need violates the Eighth Amendment if it constitutes deliberate
5 indifference thereto. Deliberate indifference may be shown "when prison officials deny, delay or
6 intentionally interfere with medical treatment, or it may be shown by the way in which prison
7 physicians provide medical care." Hutchinson v. U.S., 838 F.2d 390, 394 (9th Cir. 1988). "To
8 demonstrate that a prison official was deliberately indifferent to an inmate's serious . . . health
9 needs, the prisoner must show that 'the official [knew] of and disregard[ed] an excessive risk to
10 inmate health.' Farmer v. Brennan, 511 U.S. 825, 838, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)."
11 Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004).

12  The following evidence relevant to the instant motion is undisputed. At all times
13 relevant to this action, defendant Mericle was a licensed physician working at High Desert State
14 Prison (HDSP). On March 16, 1999, defendant Mericle saw plaintiff for complaints of "blurry
15 vision and right eye proptosis." (Declaration of Dale Mericle, M.D. in Support of Motion for
16 Summary Judgment, filed December 9, 2004, at ¶ 5.) Plaintiff told defendant Mericle that he had
17 been suffering headaches for approximately three months. (Id.) Defendant Mericle performed a
18 visual acuity test on plaintiff, which revealed 20/20 vision in plaintiff's right eye and 20/400
19 vision in plaintiff's left eye. (Id.) Defendant Mericle determined it was necessary to rule out an
20 orbital lesion, and he ordered thyroid studies, and MRI and an opthalmology consultation. (Id.)
21 He also prescribed Motrin. (Id.)

22  Defendant Mericle did not see plaintiff again until January 14, 2000, when he
23 refilled plaintiff's Motrin prescription. (Id. at ¶¶ 6-7.) On February 18, 2000, defendant Mericle
24 saw plaintiff for "follow-up regarding eye orbital surgery." (Id. at ¶ 7.) Defendant Mericle
25 ordered an "expedited ophthalmology referral," noting in plaintiff's medical record that the
26 matter was "urgent." (Id. at ¶ 7, Ex. A to Mericle Declaration at 37.)

1       Plaintiff had eye surgery on May 10, 2000.  Dr. Perry Waggoner performed the
2 surgery.  Dr. Waggoner prescribed Percocet for post-operative pain.  (Exhibit A to Declaration of
3 Robert Kelly Walters in Support of Opposition to Defendant Dale T. Mericle, M.D.'s Motion for
4 Summary Judgment, at 11.)  Defendant Mericle saw plaintiff on May 10, 2000, at which time he
5 prescribed Tylenol with codeine (T3) for pain.  (Id. at 13.)  Defendant Mericle saw plaintiff ten
6 additional times after the surgery between May 18, 2000 and November 13, 2001.  (Mericle
7 Declaration, at ¶¶8-18.)

8       As noted above, plaintiff raises four instances of alleged deliberate indifference by
9 defendant Mericle.  First, plaintiff contends that defendant Mericle was deliberately indifferent
10 on May 10, 2000, when he failed to provide the pain medication prescribed by plaintiff's
11 surgeon, Dr. Waggoner.  It is undisputed that on May 10, 2000, defendant Mericle prescribed
12 Tylenol with codeine as needed for pain.  There is no evidence that the decision to substitute
13 Tylenol with codeine for Percocet constituted deliberate indifference to plaintiff's need for post-
14 operative pain medication.[3]

15       Plaintiff also contends that defendant Mericle violated his rights under the Eighth
16 Amendment by failing to complete CDC medical forms properly or to maintain accurate medical
17 records.  Specifically, plaintiff contends that on several occasions defendant Mericle failed to
18 accurately complete a CDC 7221 form regarding plaintiff's allergies, on two occasions failed to
19 accurately complete a CDC form with respect to plaintiff's housing, and on one occasion failed
20 to accurate complete a request for services form.  (Plaintiff's Reproduced Separate Statement of
21 Undisputed Facts in Support of Defendant Dale T. Mericle's Motion for Summary Judgment,
22 filed March 7, 2005, Reply to Undisputed Fact # 18.)  Plaintiff has failed to provide any evidence
23 /////

24

---

25    [3] Plaintiff has also submitted a medical note from May 12, 2000, two days after his
surgery, in which Dr. Sandham reported that plaintiff was "essentially pain free." (Ex. A to
26 Walters Declaration, at 26.)

that the alleged inaccuracies were the result of deliberate indifference by defendant Mericle, or that they cause plaintiff any cognizable harm.

Plaintiff next contends that on February 18, 2000, defendant Mericle was deliberately indifferent in his response to plaintiff's inquiry about possible causes of his eye pain and alleged delays in treatment. (Walters Declaration, at 5.) After review of the record herein, the court finds no evidence of deliberate indifference in the statements attributed by plaintiff to defendant Mericle.

Finally, plaintiff contends that defendant Mericle was deliberately indifferent in failing to examine plaintiff at any time between March 16, 1999 and January 14, 2000. This contention, too, is without merit. The record reflects that although plaintiff was not seen by defendant Mericle during this period, he was seen by other medical staff. There is no evidence that the fact he was not seen by defendant Mericle during this period was either the result of, or resulted in, deliberate indifference to plaintiff's serious medical needs.

For all of the foregoing reasons, defendant Mericle is entitled to summary judgment.

In accordance with the above, IT IS HEREBY ORDERED that defendant Mericle's December 9, 2004 request for judicial notice is denied as unnecessary; and

IT IS HEREBY RECOMMENDED that defendant Mericle's December 9, 2004 motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////

1 that failure to file objections within the specified time may waive the right to appeal the District
2 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED:  August 5, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
walt1784.merimsj