IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT KELLY WALTERS,

        Plaintiff,                        No. CIV S-02-1784 DFL JFM P

    vs.

R. CASTRO, et al.,

        Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On October 5, 2005, defendants Barkley, Baron, Castro, Gillett, Hlusak, Hooper, Martin, O'Barr, Sandham, Srikureja and Wilson filed a renewed motion for summary judgment pursuant to Fed. R. Civ. P. 56. On December 6, 2005, plaintiff was ordered to file within thirty days an opposition or a statement of non-opposition to the pending motion. In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).

        By order filed January 23, 2006, plaintiff was granted an extension of time to file an opposition to the summary judgment motion. In that order, the court noted in a footnote that plaintiff's claims against numerous defendants (all of the original defendants except those currently moving for summary judgment and Dr. Gordon Gilkes) had been resolved.

1

1   On February 2, 2006, plaintiff filed a statement of non-opposition to the summary
2 judgment motion of defendants Baron, Hlusak, Wilson and Barkley.  On March 10, 2006,
3 plaintiff filed a statement of non-opposition to the summary judgment motion of defendants
4 Castro, Martin, Gillette, Hooper, Sandham, and Srikujera.  In view of plaintiff's statements of
5 non-opposition thereto, and good cause appearing, the court will recommend that the motion of
6 said defendants' for summary judgment be granted.

7   Plaintiff has not filed either an opposition or a statement of non-opposition to
8 defendant O'Barr's motion for summary judgment.  Plaintiff's complaint was that defendant
9 O'Barr violated his rights under the Eighth Amendment by acting with deliberate indifference to
10 plaintiff's serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ( inadequate
11 medical care does not constitute cruel and unusual punishment cognizable under § 1983 unless
12 mistreatment rises to the level of "deliberate indifference to serious medical needs.")

13   Defendant O'Barr seeks summary judgment on the grounds that he provided
14 constitutionally adequate medical care to plaintiff or on his behalf on the two occasions on which
15 he was called to do so.  In support of the motion, defendant O'Barr presents evidence that on
16 June 18, 1999, he received a telephone call requesting an order for a repeat MRI scan if the report
17 from a prior scan was lost or otherwise unavailable.  On December 3, 1999, Dr. O'Barr saw
18 plaintiff for complaints about his right eye and wrote urgent orders to the nurse in charge of
19 specialty appointments.  There is no evidence that on either of those occasions Dr. O'Barr was
20 deliberately indifferent to plaintiff's serious medical needs.  For these reasons, the court will
21 recommend that defendant O'Barr's motion for summary judgment be granted.

22   Finally, on March 10, 2006, plaintiff filed a request for voluntary dismissal of
23 defendant Gordon Gilkes, the only defendant who will remain in this case if the
24 recommendations set forth above are adopted.  None response to plaintiff's request for voluntary
25 dismissal of Gordon Gilkes has been filed.  Cf. Fed. R. Civ. P. 41(a).  Good cause appearing, the
26 /////

court will recommend that plaintiff's request for voluntary dismissal of defendant Gilkes be granted.

    In accordance with the above, IT IS HEREBY RECOMMENDED that:

    1. The October 5, 2005 motion for summary judgment of defendants Barkley, Baron, Castro, Gillett, Hlusak, Hooper, Martin, O'Barr, Sandham, Srikureja and Wilson be granted;

    2. Plaintiff's March 10, 2006 request for voluntary dismissal of defendant Gordon Gilkes be granted; and

    3. This case be closed.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 20, 2006.

UNITED STATES MAGISTRATE JUDGE

12
walt1784.57f